UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:26-cr- 00087-AB |
| v. | INFORMATION |
| JEFFREY THOMAS HIGGINS, | 15 U.S.C. §§ 80b-6 and 80b-17 |
| Defendant. | |

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTORY ALLEGATIONS

1.    At all times relevant to the Information, defendant JEFFREY THOMAS HIGGINS was registered with the Financial Industry Regulatory Authority (FINRA) and was an "investment adviser" within the meaning of 15 U.S.C. Section 80b-2(a)(11).

2.    Defendant JEFFREY THOMAS HIGGINS was employed as an investment adviser with Financial West Group, before ending his employment with that firm in August 2017. Defendant JEFFREY THOMAS HIGGINS subsequently worked as an investment adviser with Western International Securities, Inc. (hereinafter "Western") until Western terminated his employment on June 27, 2024, for misappropriation of client investments and funds. While employed with Western, defendant JEFFREY THOMAS HIGGINS worked and conducted relevant transactions in an office located in Baker City, Oregon. Both firms operated as broker-dealers and facilitated the trade of securities for client investors, amongst other financial services.

**Information**

3.      Beginning no later than in or about December 2007, and continuing until at least June 27, 2024, defendant JEFFREY THOMAS HIGGINS engaged in a scheme in which he falsely told his victim client investors that he had purchased shares of stocks for them at deep discounts as part of their investment program. Defendant JEFFREY THOMAS HIGGINS falsely advertised the investment program as low-risk yet with a high return. In fact, defendant JEFFREY THOMAS HIGGINS purchased shares at their market value using his victims' funds and misappropriated a portion of the purchased shares to his personal investment account numerous times throughout the length of the scheme.

4.      During his employment as an investment adviser, defendant JEFFREY THOMAS HIGGINS used his victim client investors' funds to purchase shares of stocks with a transfer agent.  He made these purchases using a private email account not associated with his employer. Defendant JEFFREY THOMAS HIGGINS falsely told victim client investors he had obtained large discounts on the share purchases, in some cases up to 91% off the market value. In truth, defendant JEFFREY THOMAS HIGGINS purchased the shares at or around their market value.

5.      After he purchased the shares, defendant JEFFREY THOMAS HIGGINS transferred the shares to the broker-dealer firm he was employed by.

6.      Using his official email account provided by his employer, defendant JEFFREY THOMAS HIGGINS then sent his employer a different set of instructions as to where the shares should go. On numerous occasions, defendant JEFFREY THOMAS HIGGINS instructed his employer to place a portion of the shares in his personal investment account, although he did not contribute any funds to purchase the shares. This resulted in defendant JEFFREY THOMAS HIGGINS receiving shares of stocks that his victim client investors paid for. After receiving the

**Information**                                                                 **Page 2**

shares in his personal investment account, defendant JEFFREY THOMAS HIGGINS sold them and transferred the proceeds to his personal bank account.

7.    Beginning in or around 2008, defendant JEFFREY THOMAS HIGGINS created fictitious annual statements, which included false annual returns and cost basis reports. Defendant JEFFREY THOMAS HIGGINS used the same private email account he used to communicate with transfer agents to send these false annual statements and cost basis reports to his victim client investors. Defendant JEFFREY THOMAS HIGGINS used these statements and reports to claim greatly exaggerated profits and impossibly low cost bases for victim client investors, reflecting the alleged discount victim client investors were receiving on their purchases of shares.

8.    Historical prices of shares bought by victim client investors reflect far higher prices per share than the fictitious cost bases defendant JEFFREY THOMAS HIGGINS provided to victim client investors. The transfer agent statements, which reflected the true cost of the stock purchases, went directly to a post office box controlled by defendant JEFFREY THOMAS HIGGINS.

9.    During the course of the scheme and his employment with Western, defendant JEFFREY THOMAS HIGGINS misappropriated shares destined for twelve accounts and fourteen victim client investors. In sum, defendant JEFFREY THOMAS HIGGINS misappropriated at least $1,649,190 worth of victim client investor shares.

/ /

/ /

/ /

/ /

**Information**                                                                                              **Page 3**

## COUNT 1
### (15 U.S.C. §§ 80b-6 and 80b-17)
### (Investment Adviser Fraud)

10.     The factual allegations contained in paragraphs one through nine are realleged and incorporated by reference as though fully set forth herein.

11.     Beginning no later than December 2007 and continuing through June 2024, in the District of Oregon and elsewhere, defendant JEFFREY THOMAS HIGGINS, unlawfully, willfully, and knowingly, by the use of the mails and means and instrumentalities of interstate commerce, directly and indirectly, did

(a) employ devices, schemes and artifices to defraud clients and prospective clients;

(b) engage in transactions, practices, and courses of business which operated as a fraud and deceit upon clients and prospective clients; and,

(c) engage in acts, practices, and courses of business that were fraudulent, deceptive and manipulative, namely, reporting false purchase prices and returns of stock to his clients and transferring shares purchased by his clients to his personal investment account without their authorization.

All in violation of Title 15, United States Code, Sections 80b-6 and 80b-17.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

Dated: April 6, 2026                   Respectfully submitted,

                                        SCOTT E. BRADFORD
                                        United States Attorney

                                        /s/*Bryan Chinwuba*
                                        BRYAN CHINWUBA, ILSB# 6323733
                                        Assistant United States Attorney


                                        /s/*Andrew T. Ho*
                                        ANDREW T. HO, ORSB #185047
                                        Assistant United States Attorney